Contracts; performance and payment "bond surety; bank assignee of defaulting contractor; recovery of public funds paid by mistake. — On March 28, 1975 the court issued the following order, as amended:
Before coaveN, Chief Judge, davis and hiohols, Judges.
“This case comes before the court on the motion for partial summary judgment, filed July 31, 1974, by the third-party defendant, Bank of America, who was assignee (under the financing institution exception in 31 U.S.C. § 203 and 41 U.S.C. §15) of Jack Charleston, a defaulting contractor, under Navy contracts N 62473-70-C-1338, N 62473-70-C-1345, and N 62473-70-C-2346 (hereinafter contracts C-1338, C-1345, and C-2346 respectively).
“Plaintiff, National Indemnity Company was Charleston’s Miller Act (40 U.S.C. §§ 270a-270e) performance and payment bond surety. The dispute between the surety and the Government involves at least nine of Charleston’s contracts, whereas the partial summary judgment motion pertains only to two of the three contracts involving Bank of America.
“Two issues are presented by the motion for partial summary judgment: (1) can the Government recover $19,080.00 it claims it may have mistakenly paid the Bank on March 3, 1971, pursuant to a voucher dated November 27, 1970, on contract C-2346; and (2) as between surety and assignee Bank, who gets the $8,421.37 contract balance under contract C-1345.
“On the first issue, the Government has consented to the granting of summary judgment for the Bank, since, if the *884 money were properly paid, the Government lias no claim to it; and since, if the money were erroneously paid, the decision in Great American Ins. Co. v. United States, 203 Ct. Cl. 592, 492 F. 2d 821 (1974), is indistinguishable from the facts in this case and under that decision 41 U.S.C. § 15 bars the Government recovery of funds erroneously paid to assignee banks and financial institutions under public contracts.
“On the second issue, each party takes a different position : (1) the assignee Bank says that the surety is not entitled to priority under United States Fid. & Guar. Co. v. United States, 201 Ct. Cl. 1, 475 F. 2d 1377 (1973), since the surety has not paid all of the bills; (2) the surety asserts that it is entitled to the money since it has paid all bills presented under contract 0-1345, as required by U.S. Fidelity, supra; and (3) the Govermnent, while saying that U.S. Fidelity, controls, asserts that one cannot tell if all the bills under contract C-1345 have been paid until all of the nine plus contracts involving the Navy, Charleston, and surety have been settled, particularly since there is a general tax lien of $10,392.29, plus interest, allegedly covered by the Miller Act bonds of the surety which has not been paid.
“The pre-trial statements of the parties disclose even more factual disputes: (a) a dispute over whether the Navy properly charged and offset liquidated damages against remaining contract balances; (b) the reasonableness of Government costs to complete; (c) claims for change orders; (d) claims for misrepresentation by the Navy that there were no liquidated damages; (e) claims that two progress payments checks were forged and not received by contractor; and (f) apparently quite a few other factual disputes.
“Since the facts decisive of entitlement to the contract balance under C-1345 are in dispute, and since the amount of the balance is also in dispute, summary judgment is not appropriate at this time, except as to the $19,080.00 payment under contract C-2348.
“it is therefore ordered that partial summary judgment on the third-party defendant’s motion to dismiss the Government’s cross-claim for $19,080.00 be granted and that the Government’s cross-claim to recover $19,080.00 from the third-party defendant is hereby dismissed. It is further *885 ordered that summary judgment on all other issues be denied without prejudice pending resolution of the factual disputes by stipulation or trial.”